UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 DEC 21  P 3: 03

| | |
|---|---|
| Johnny Mack Thacker, #62517,<br><br>    Plaintiff,<br><br>vs.<br><br>Dennis Chapman, Individually and in his Capacity as an Investigator with First Citizens Bank, Columbia, South Carolina; and<br>P.M. Banco, Individually and in his Capacity as a Police Investigator with the City of Columbia Police Department, Columbia, South Carolina,<br><br>    Defendants. | C/A No. 9:05-3424-SB-GCK<br><br>Report and Recommendation |



The plaintiff, Johnny Mack Thacker (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Alvin S. Glenn Detention Center, a facility in the County of Richland, South Carolina. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants a bank employee and a police officer. Plaintiff claims the Defendants worked together to obtain an illegal confession from Plaintiff, and used the confession to obtain arrest warrants against Plaintiff. The complaint requests monetary damages. The complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Allison v. Kyle</u>, 66 F.3d 71 (5th Cir. 1995).



This Court is required to liberally construe *pro se* documents, <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, <u>Hughes v. Rowe</u>, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a

district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## Discussion

The complaint alleges that Defendant Chapman, a bank employee investigating forged checks, met with Plaintiff on three occasions, and subsequently Plaintiff signed an agreement dated August 24, 2005, stating in part, "payment in full of $1200.00 is concerning the investigation of forged checks" and "Dennis Chapman C/O First Citizens Bank will no longer pursue this criminal investigation and or criminal charges regarding this particular incident." The complaint states that on September 21, 2005, Defendant Banco, an investigator with the Columbia Police Department, "secured a search warrant that sought from the First Citizens Bank and Defendant Chapman" bank records in relation to the forged checks. Plaintiff alleges the Defendants were working together and the search warrant was an attempt to conceal the conspiracy. The complaint claims the Defendant's conspiracy deprived Plaintiff of constitutional rights, such as warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966)[2]; due process in coercing property (money) from Plaintiff;

---

[2] A claim under § 1983 cannot be based on a failure to inform Plaintiff of his rights under Miranda. See Chavez v. Martinez, 538 U.S. 760 (2003).

3

and unlawful seizure of Plaintiff's written signed statement based on an unlawful search warrant. Plaintiff was arrested September 22, 2005, and has pending criminal charges in state court.

All of the facts and allegations of the complaint are related to Plaintiff's arrest and pending state criminal prosecution. Plaintiff's § 1983 complaint is subject to summary dismissal because it fails to state a claim on which relief may be granted. The Supreme Court has held that in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. See Heck v. Humphrey, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.



Id., 512 U.S. at 486-87; See also Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995)("Therefore, in light of Heck, the complaint was properly dismissed for failure to state a claim."). Although the decision in Heck v. Humphrey concerned a conviction, its holding is also applicable to pre-trial detainees. See Torres v. McLaughlin, 163 F.3d 169, 173 (3rd Cir. 1998); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996); Alvarez-Machain v. U.S., 107 F.3d 696, 700-01 (9th Cir. 1997); Nelson v. Murphy, 44 F.3d 497 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit.). A favorable determination on the merits of Plaintiff's claims in this § 1983 action could require a finding

4

that his ongoing criminal proceedings and detention are invalid. The United States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. at 487. Plaintiff has failed to establish that he has successfully challenged the lawfulness of his confinement, so the complaint must be dismissed.

Until the plaintiff's imprisonment is established as unlawful, a cause of action has not yet accrued, and an action under 28 U.S.C. § 1983 based on the imprisonment will be barred by the holding in Heck v. Humphrey, supra; See also Schilling v. White, 58 F.2d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist). Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. See Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996)(following Heck v. Humphrey, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and Snyder v. City of Alexandria, 870 F. Supp. 672, 685-688 (E.D.Va. 1994).

The complaint fails to state a claim on which relief may be granted. Under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), the complaint may be dismissed *sua sponte*. See Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)(ii)[fails to state a claim on which relief may be granted]; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. **The plaintiff's attention is directed to the notice on the following page.**

Respectfully Submitted,

George C. Kosko
United States Magistrate Judge

December 2, 2005
Charleston, South Carolina

6

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402**